**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| WC Hirshfeld Moore, LLC | § | Case No. 20-10251-tmd |
| WC 103 East Fifth, LLC | § | Case No. 20-10252-tmd |
| WC 320 Congress, LLC | § | Case No. 20-10253-tmd |
| WC 422 Congress, LLC | § | Case No. 20-10254-tmd |
| WC 805-809 East Sixth, LLC | § | Case No. 20-10255-tmd |
| WC 901 East Cesar Chavez, LLC | § | Case No. 20-10256-tmd |
| WC 1212 East Sixth, LLC | § | Case No. 20-10257-tmd |
| WC 9005 Mountain Ridge, LLC | § | Case No. 20-10258-tmd |
| | § | *(Jointly Administered Under* |
| | § | *Case No. 20-10251-tmd)* |

**NOTICE OF INTENT TO CONDUCT RULE 2004 EXAMINATION
OF CORPORATE REPRESENTATIVE OF ATX DEBT FUND 2, LLC**

TO: ATX Debt Fund 2, LLC c/o Liz Boydston, Polsinelli, 2950 Harwood St, Suite 2100, Dallas, Texas 75201

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule of Bankruptcy Procedure 2004, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") will conduct a Rule 2004 examination of the corporate representative of ATX Debt Fund 2, LLC ("**ATX**"), on **February 24, 2021, at 10:00 a.m. CT**, via Zoom or other video means, and will continue from day to day until completed. The examination will be conducted before a certified court reporter duly authorized to administer oaths, will be recorded stenographically, and may also be recorded by video. The topics for the examination are listed on **Exhibit "A."**

Debtor also requests that you produce the categories of documents identified in **Exhibit B** hereto to undersigned counsel on or before **February 22, 2021.**

Respectfully submitted,

DATED: February 8, 2021          CIARDI CIARDI & ASTIN

/s/Walter W. Gouldsbury III
Albert A. Ciardi, III, Esquire
  (admitted *pro hac vice*)
Walter W. Gouldsbury III, Esquire
  (admitted *pro hac vice*)
1905 Spruce Street
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

Daniel K. Astin, Esquire
  (admitted *pro hac vice*)
1204 N. King Street
Wilmington, DE 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
dastin@ciardilaw.com

**ATTORNEYS FOR DEBTORS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, a true and correct copy of the foregoing document was served via email on the following interested parties:

Liz Boydston
Polsinelli
2950 Harwood St., Suite 2100
Dallas, Texas 75201

/s/ Walter W. Gouldsbury III
Walter W. Gouldsbury III

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, the terms "you," "your," "yourself," and/or "ATX" shall refer to ATX Debt Fund 2, LLC, and its affiliates employees, agents, attorneys and representatives.

2. As used herein, the term "Debtors" means and collectively refers to WC Hirshfeld Moore, LLC, WC 103 East Fifth, LLC, WC 320 Congress, LLC, WC 422 Congress, LLC, WC 805-809 East Sixth, LLC, WC 901 East Cesar Chavez, LLC, WC 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC and their employees, agents and representatives.

3. "Initial Note" shall mean that certain Promissory Note dated May 11, 2018 in the original principal amount of $18,455,000.00 executed by Lender and Initial Borrowers.

4. "Initial Loan Agreement" shall mean and refer to that certain Loan Agreement dated May 11, 2018 executed between Lender and Initial Borrowers.

5. "Initial Deeds of Trust" shall mean the following: (i) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 related to the real property commonly known as 305 W. 9th Street, Austin Texas; (ii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 related to the real property commonly known as 805-809 East Sixth, Austin Texas; (iii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 related to the real property commonly known as 320 Congress Street, Austin Texas; and (iv) Deed of Trust, Assignment of Leases and and Security Agreement dated as of May 11, 2018 executed by non-debtor WC 1910 West Braker, LLC related to the real property commonly known as 1910 West Braker Lane, Austin Texas. "Initial Assignment of Leases and Rents" shall mean the Assignments of Leases and Rents dated as of May 11, 2018 executed in connection with the Initial Note and related to the properties set forth in the Initial Deeds of Trust.

6. "Initial Cash Management Agreement" means that certain Cash Management Agreement dated as of May 11, 2018.
7. "Initial Deposit Account Control Agreement" means that certain Deposit Account Control Agreement dated as of May 11, 2018.

8. "Initial Master Leases" shall mean those separate leases executed by WC Hirshfeld Moore, LLC and WC 320 Congress, LLC, as landlord, and non-debtor WC Austin IV Tenant, LLC, as tenant, in connection with the Initial Loan Agreement.

9. "Initial Loan Documents" shall mean and collectively refer to the Initial Note, the Initial Loan Agreement, the Initial Deeds of Trust, the Initial Assignments of Leases and Rents, the Initial Cash Management Agreement, and the Initial Deposit Account Control Agreement, the Initial Master Leases, and any and all documents executed in connection therewith.

10. "First Amended Loan Agreement" shall mean that certain Amended and Restated Loan Agreement dated June 1, 2018 executed by Initial Borrowers and 901 East

Cesar Chavez, LLC in favor of Ladder.

11. "Amended Note" shall mean that certain Amended and Restated Promissory Note dated June 1, 2018 in the original principal amount of $22,830,000.00 executed by Initial Borrowers and 901 East Cesar Chavez, LLC in favor of Ladder.

12. "901 East Cesar Chavez DOT" shall mean that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement made as of June 1, 2018 and related to the real property commonly known as 901 East Cesar Chavez, Austin, Texas.

13. "901 East Cesar Chavez ALR" shall mean that certain Assignment of Leases and Rents made as of June 1, 2018 related to the real property commonly known as 901 East Cesar Chavez, Austin, Texas.

14. "901 Master Lease" shall mean that certain master lease entered into between 901 East Cesar Chavez, LLC, as landlord, and non-debtor WC Austin IV Tenant, LLC, as tenant, for the lease of the real property commonly known as 901 East Cesar Chavez, Austin, Texas.

15. "First Amended Deeds of Trust and First Amended Assignment of Leases and Rents" shall mean and collectively refer to those separate First Amendment to Deed of Trust, Assignment of Leases and Rents and Security Agreement and First Amendment to Assignment of Leases and Rents made as of June 1, 2018 executed by Initial Borrowers amending each of the Initial Deeds of Trust and the Initial Assignment of Leases and Rents.

16. "Amended Cash Management Agreement" means that certain Cash Management Agreement dated as of June 1, 2018 executed by Initial Borrowers and 901 East Cesar Chavez, LLC.

17. "Amended Deposit Account Control Agreement" shall mean that certain Amended and
Restated Deposit Account Control Agreement dated as of June 1, 2018.

18. "First Amended Loan Documents" shall mean and collectively refer to the First Amended Loan Agreement, the Amended Note, the 901 East Chavez DOT, the 901 East Cesar Chavez ALR, the Amended Cash Management Agreement, the Amended Deposit Control Agreement, and all documents executed in connection therewith.

19. "Second Amended Loan Agreement" shall mean that certain Second Amended and Restated Loan Agreement dated July 9, 2018 executed by Initial Borrowers, 901 East Cesar Chavez, 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC, WC 103 East Fifth, LLC and WC 422 Congress, LLC.

20. "Second Amended Note" shall mean that certain Second Amended and Restated Promissory Note dated July 9, 2018 in the original principal amount of $47,614,000.00 executed by Initial Borrowers, 901 East Cesar Chavez, 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC, WC 103 East Fifth, LLC and WC 422 Congress, LLC.

21. "Second Loan Agreement Deeds of Trust" shall mean and collectively refer to

the following: Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 103 East Fifth Street, Austin Texas; (ii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 422 Congress Street, Austin Texas; (iii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 9005 Mountain Ridge Drive, Austin Texas; (iv) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 1212 East Sixth Street, Austin Texas.

22. "Second Amended Deeds of Trust and Second Amended Assignments of Rents" shall mean and collectively refer to the separate Second Amendment to Deed of Trust, Assignment of Leases and Rents and Security Agreement and separate Second Amendment to Assignment of Leases and Rents made as of July 9, 2018 executed by Initial Borrowers amending each of the First Amended Deeds of Trust and the First Amended Assignment of Leases and Rents.

23. "First Amended East Cesar Chavez DOT" shall mean that First Amendment to Deed of Trust, Assignment of Leases and Rents and Security Agreement and First Amendment to Assignment of Leases and Rents made as of July 9, 2018 amending the 901 East Cesar Chavez DOT and the 901 East Cesar Chavez ALR.

24. "Second ALRs" shall mean the Assignments of Leases and Rents dated as of July 9, 2018 executed in connection with the Second Amended Note and related to the properties set forth in the Second Loan Agreement Deeds of Trust.

25. "Second Amended Cash Management Agreement" shall mean that certain Second Amended and Restated Cash Management Agreement dated as of July 9, 2018 executed in connection with the Second Amended Loan Agreement.

26. "Second Amended Deposit Account Control Agreement" shall mean that certain Second Amended and Restated Deposit Account Control Agreement dated as of July 9, 2018 executed in connection with the Second Amended Loan Agreement.

27. "Additional Master Leases" shall mean and collectively refer to the separate master leases executed by WC 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC, WC 103 East Fifth, LLC and WC 422 Congress, LLC, as landlord, with non-debtor WC Austin IV Tenant, LLC, as tenant, under the Second Amended Loan Agreement.

28. "Second Amended Loan Documents" shall mean and collectively refer to the Second Amended Loan Agreement, the Second Amended Note, the Second Loan Agreement Deeds of Trust, the Second Amended Deeds of Trust and Second Amended Assignments of Rents, the First Amended East Cesar Chavez DOT, the Second ALRs, the Second Amended Cash Management Agreement, the Second Amended Deposit Account Control Agreement, the Additional Master Leases, and all other documents executed in connection therewith.

29. "Loan Documents" shall mean and collectively refer to the Initial Loan Documents, First Amended Loan Documents and the Second Amended Loan Documents.

30. "Loan Agreements" shall mean and collectively refer to as the Initial Loan Agreement, the First Amended Loan Agreement, and the Second Amended Loan Agreement.

31. "Master Leases" shall mean and collectively refer to as the Initial Master Leases, 901 Master Lease, and the Additional Master Leases.

32. "Master Tenant" shall mean non-debtor WC Austin IV Tenant, LLC.

33. "Loan" shall mean any debt obligation issued pursuant to the Loan Agreements.

34. "Notes" shall mean and collectively refer to the Initial Note, Amended Note, and Second Amended Note.

35. "Initial Note" shall mean that certain Promissory Note dated May 11, 2018 in the original principal amount of $18,455,000.00 executed by Lender and Initial Borrowers.

36. "Initial Loan Agreement" shall mean and refer to that certain Loan Agreement dated May 11, 2018 executed between Lender and Initial Borrowers.

37. "Initial Deeds of Trust" shall mean the following: (i) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 related to the real property commonly known as 305 W. 9th Street, Austin Texas; (ii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 related to the real property commonly known as 805-809 East Sixth, Austin Texas; (iii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 related to the real property commonly known as 320 Congress Street, Austin Texas; and (iv) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of May 11, 2018 executed by non-debtor WC 1910 West Braker, LLC related to the real property commonly known as 1910 West Braker Lane, Austin Texas.

38. "Initial Assignment of Leases and Rents" shall mean the Assignments of Leases and Rents dated as of May 11, 2018 executed in connection with the Initial Note and related to the properties set forth in the Initial Deeds of Trust.

39. "Initial Cash Management Agreement" means that certain Cash Management Agreement dated as of May 11, 2018.

40. "Initial Deposit Account Control Agreement" means that certain Deposit Account Control Agreement dated as of May 11, 2018.

41. "Initial Master Leases" shall mean those separate leases executed by WC Hirshfeld Moore, LLC and WC 320 Congress, LLC, as landlord, and non-debtor WC Austin IV Tenant, LLC, as tenant, in connection with the Initial Loan Agreement.

42. "Initial Loan Documents" shall mean and collectively refer to the Initial Note, the Initial Loan Agreement, the Initial Deeds of Trust, the Initial Assignments of Leases and

Rents, the Initial Cash Management Agreement, and the Initial Deposit Account Control Agreement, the Initial Master Leases, and any and all documents executed in connection therewith.

43. "First Amended Loan Agreement" shall mean that certain Amended and Restated Loan Agreement dated June 1, 2018 executed by Initial Borrowers and 901 East Cesar Chavez, LLC in favor of Ladder.

44. "Amended Note" shall mean that certain Amended and Restated Promissory Note dated June 1, 2018 in the original principal amount of $22,830,000.00 executed by Initial Borrowers and 901 East Cesar Chavez, LLC in favor of Ladder.

45. "901 East Cesar Chavez DOT" shall mean that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement made as of June 1, 2018 and related to the real property commonly known as 901 East Cesar Chavez, Austin, Texas.

46. "901 East Cesar Chavez ALR" shall mean that certain Assignment of Leases and Rents made as of June 1, 2018 related to the real property commonly known as 901 East Cesar Chavez, Austin, Texas.

47. "901 Master Lease" shall mean that certain master lease entered into between 901 East Cesar Chavez, LLC, as landlord, and non-debtor WC Austin IV Tenant, LLC, as tenant, for the lease of the real property commonly known as 901 East Cesar Chavez, Austin, Texas.

48. "First Amended Deeds of Trust and First Amended Assignment of Leases and Rents" shall mean and collectively refer to those separate First Amendment to Deed of Trust, Assignment of Leases and Rents and Security Agreement and First Amendment to Assignment of Leases and Rents made as of June 1, 2018 executed by Initial Borrowers amending each of the Initial Deeds of Trust and the Initial Assignment of Leases and Rents.

49. "Amended Cash Management Agreement" means that certain Cash Management Agreement dated as of June 1, 2018 executed by Initial Borrowers and 901 East Cesar Chavez, LLC.

50. "Amended Deposit Account Control Agreement" shall mean that certain Amended and
Restated Deposit Account Control Agreement dated as of June 1, 2018.

51. "First Amended Loan Documents" shall mean and collectively refer to the First Amended Loan Agreement, the Amended Note, the 901 East Chavez DOT, the 901 East Cesar Chavez ALR, the Amended Cash Management Agreement, the Amended Deposit Control Agreement, and all documents executed in connection therewith.

52. "Second Amended Loan Agreement" shall mean that certain Second Amended and Restated Loan Agreement dated July 9, 2018 executed by Initial Borrowers, 901 East Cesar Chavez, 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC, WC 103 East Fifth, LLC and WC 422 Congress, LLC.

53. "Second Amended Note" shall mean that certain Second Amended and Restated Promissory Note dated July 9, 2018 in the original principal amount of $47,614,000.00executed by Initial Borrowers, 901 East Cesar Chavez, 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC, WC 103 East Fifth, LLC and WC 422 Congress, LLC.

54. "Second Loan Agreement Deeds of Trust" shall mean and collectively refer to the following: Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 103 East Fifth Street, Austin Texas; (ii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 422 Congress Street, Austin Texas; (iii) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 9005 Mountain Ridge Drive, Austin Texas; (iv) Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of July 9, 2018 related to the real property commonly known as 1212 East Sixth Street, Austin Texas.

55. "Second Amended Deeds of Trust and Second Amended Assignments of Rents" shall mean and collectively refer to the separate Second Amendment to Deed of Trust, Assignment of Leases and Rents and Security Agreement and separate Second Amendment to Assignment of Leases and Rents made as of July 9, 2018 executed by Initial Borrowers amending each of the First Amended Deeds of Trust and the First Amended Assignment of Leases and Rents.

56. "First Amended East Cesar Chavez DOT" shall mean that First Amendment to Deed of Trust, Assignment of Leases and Rents and Security Agreement and First Amendment to Assignment of Leases and Rents made as of July 9, 2018 amending the 901 East Cesar Chavez DOT and the 901 East Cesar Chavez ALR.

57. "Second ALRs" shall mean the Assignments of Leases and Rents dated as of July 9, 2018 executed in connection with the Second Amended Note and related to the properties set forth in the Second Loan Agreement Deeds of Trust.

58. "Second Amended Cash Management Agreement" shall mean that certain Second Amended and Restated Cash Management Agreement dated as of July 9, 2018 executed in connection with the Second Amended Loan Agreement.

59. "Second Amended Deposit Account Control Agreement" shall mean that certain Second Amended and Restated Deposit Account Control Agreement dated as of July 9, 2018 executed in connection with the Second Amended Loan Agreement.

60. "Additional Master Leases" shall mean and collectively refer to the separate master leases executed by WC 1212 East Sixth, LLC, WC 9005 Mountain Ridge, LLC, WC 103 East Fifth, LLC and WC 422 Congress, LLC, as landlord, with non-debtor WC Austin IV Tenant, LLC, as tenant, under the Second Amended Loan Agreement.

61. "Second Amended Loan Documents" shall mean and collectively refer to the Second Amended Loan Agreement, the Second Amended Note, the Second Loan Agreement

Deeds of Trust, the Second Amended Deeds of Trust and Second Amended Assignments of Rents, the First Amended East Cesar Chavez DOT, the Second ALRs, the Second Amended Cash Management Agreement, the Second Amended Deposit Account Control Agreement, the Additional Master Leases, and all other documents executed in connection therewith.

62. "Loan Documents" shall mean and collectively refer to the Initial Loan Documents, First Amended Loan Documents and the Second Amended Loan Documents.

63. "Loan Agreements" shall mean and collectively refer to as the Initial Loan Agreement, the First Amended Loan Agreement, and the Second Amended Loan Agreement.

64. "Master Leases" shall mean and collectively refer to as the Initial Master Leases, 901 Master Lease, and the Additional Master Leases.

65. "Master Tenant" shall mean non-debtor WC Austin IV Tenant, LLC.

66. "Loan" shall mean any debt obligation issued pursuant to the Loan Agreements.

67. "Notes" shall mean and collectively refer to the Initial Note, Amended Note, and Second Amended Note.

68. "Properties" shall mean and collectively refer to the Debtors' properties commonly known as 303 – 307 West 9th Street, Austin, Texas 78701, 103 & 105 East Fifth Street, Austin, Texas 78701, 320 Congress Avenue, Austin, Texas 78701, 422 Congress Avenue, Austin, Texas 78701, 805-809 East 6th Street, Austin, Texas 78702, 901 East Cesar Chavez Street, Austin, Texas 78702, 1212 East 6th Street, Austin, Texas 78702, and 9005 Mountain Ridge Drive, Austin, Texas 78759.

69. As used herein, the terms "and" and "or" shall be construed disjunctively, as well as conjunctively, as necessary in order to bring within the scope of the following requests all responses and documents which might otherwise be construed to be outside their scope.

70. As used herein, the term "correspondence" means and refers to written communications, including letters, e-mail, memoranda, and facsimile cover sheets.

**71.** As used herein, the terms "document" and "documents" shall have the broadest possible meaning under Federal Rule of Civil Procedure 34 and include any and all types of documents and electronically stored information, anything that is contained on a piece of paper; or anything that is capable of being reproduced audibly or visually; digital or electronic recordings, electronic or magnetic data, voice mail messages, electronic mail ("e-mail"), SMS or MMS-format text messages, web pages; or anything that is capable of being reduced to writing, including matters which are capable of being reproduced by means of a computer. Information that exists in electronic or magnetic form is specifically requested and sought by these requests for production of documents. Any computer diskette, hard disk, computer tape, audio tape, or video tape containing information requested constitutes a "document" or "documents." If anything that is contained on a computer diskette, hard disk, computer tape, audio tape, or video tape is capable of being accurately and completely reproduced or printed,

then these document requests can be satisfied by producing a complete copy of such computer printout. If such information in electronic or magnetic form cannot be so produced, then an electronic or magnetic copy of such information is requested. **All electronic documents produced shall be produced in native format with metadata included.**

72. If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to

which You do not respond.

73. If You object to any of these Requests, state in writing with specificity the grounds of Your objections. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

74. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

75. Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

76. The word "concerning" shall be construed to mean relating to, referring to, describing, evidencing, constituting, discussing, containing, or pertaining to, in whole or in part.

77. If there are no Documents responsive to any particular Request, please state so.

78. To the extent You refuse to respond to any Request, in whole or in part, on grounds of privilege, identify the withheld Document(s) on a privilege log to be submitted with your Response consistent with the requirements of FRCP 26 and Bankruptcy Rule 7026.

# **EXHIBIT A**
## **TOPICS**

1. The ownership and beneficial ownership of ATX.

2. The acquisition of the Notes and related Loan Documents, and transfer of the Claim (as defined by the Bankruptcy Code) to ATX, including all pricing, negotiations, due diligence, communications and transaction/sale documents and issues.

3. Any valuation, zoning, development, engineering, architectural analysis or plans for the Properties.

# EXHIBIT B

## Documents Requested

1. All communications between you and any other person or entity regarding the Debtors, the Properties, or the Notes.

2. All documents (including drafts) relating to or reflecting your purchase of the Notes or any Claim (as defined by the Bankruptcy Code) relating thereto.

3. All documents relating to any valuation, zoning, development, engineering, architectural analysis or plans for the Properties.

4. All documents reflecting any communications with Ladder Capital Finance LLC its attorneys, agents or affiliates (including but not limited to Ladder Capital Corp. or Tuebor REIT Sub, LLC).

5. All documents provided to you by Ladder Capital Finance LLC its attorneys, agents or affiliates (including but not limited to Ladder Capital Corp. or Tuebor REIT Sub, LLC).

6. All documents reviewed by you (including any "due diligence" or sale materials) reviewed by you prior to the purchase of the Notes.

7. The company agreement and member agreement for ATX, and all documents reflecting the direct and beneficial ownership of ATX.